# PALM BEACH NEWSPAPERS, et al. v. TERLIZZESE, et al.
## Case No. 84-2406 CA(L)K
Fifteenth Judicial Circuit, Palm Beach County
May 15, 1984

### APPEARANCES OF COUNSEL

**L. Martin Reeder** and **Thomas R. Julin, Steel Hector and Davis,** for plaintiffs.

**Ann Vitunae, John Randolph** for defendants.

## OPINION OF THE COURT

R. WILLIAM RUTTER, JR., Circuit Judge.

THIS CAUSE came before the Court on Thursday, May 3, 1984, upon the Plaintiffs' emergency complaint to enforce the Public Records Law and the Court's Order directing the Defendants to produce for in camera inspection certain records sought by the Plaintiff from the Defendants. The Plaintiffs, various news organizations in south Florida, claim they are entitled under Chapter 119, Florida Statutes (1983), to inspect and copy all records in the possession of the Defendants relating to the recent death of David Anthony Kennedy. Specifically, the Plaintiffs seek access to:

1. Any reports, preliminary reports, work papers, memoranda, notes, photographs, or other documents reflecting the Palm Beach County Medical Examiner's inquiry into the cause of death of David Kennedy.

2. The incident card, reports, notes, and other documents prepared by any employees or officers of the Town of Palm Beach Police Department which relate to the death of David Kennedy in any way.

3. All documents prepared or received by the state attorney of the Fifteenth Judicial Circuit of Florida which relate to the death of David Kennedy in any way.

This court at the prior hearing on April 27, 1984, ordered the release of those portions of the records described above which indicate the time, date, and location of an incident under investigation or any other information described in Section 119.011(3)(c) because such records clearly do not fall within any of the exemptions to the disclosure requirement of Chapter 119. The Plaintiffs now ask the Court to order the Defendants to make the remaining records available.

The Defendants, the Town of Palm Beach Police Chief, the Palm Beach County State Attorney, and the Palm Beach County District Medical Examiner, assert that the remaining records sought by the Plaintiffs fall within the exemption from the disclosure requirements of the Public Records Law for "active criminal intelligence and investigative information." Section 119.07(3)(d), Florida Statutes (1983).

In accordance with the procedure authorized by Section 119.07(2)(b), the Court at the April 17, 1984, hearing and the May 3, 1984, written Order directed the Defendants to produce the medical examiner's report concerning Mr. Kennedy's death for in camera inspection so that the Court could determine for itself whether the

4

documents sought by the Plaintiffs are in fact exempt from the disclosure requirements of the Public Records Law.

On the basis of that in camera inspection (with a court reporter present) of the medical examiner's report, the Court finds that the records sought by the Plaintiffs do contain "active criminal intelligence or investigative information." The information in the documents withheld by the Defendants is related to intelligence gathering conducted with a reasonable, good faith belief that it will lead to the detection of reasonably anticipated criminal activities. The information also is related to an ongoing investigation which is continuing with a reasonable, good faith anticipation of securing an arrest or prosecution in the foreseeable future.

Having reached the conclusion that at this time the records sought by the Plaintiffs are exempt from the disclosure requirements of the Public Records Law does not, however, resolve this case. The Public Records Law does not require public officials to withhold records from public inspection which are exempt from its disclosure requirements. Rather, it allows public officials to exercise discretion to determine whether exempt records should be released. The Plaintiffs question whether the Defendants in this case have exercised that discretion in a manner consistent with First Amendment and common law principles which favor open government.

It is clear that government may restrict public access to information —irrespective of whether that information is found in courtrooms, official files, school libraries, presidential press conferences, or sites of newsworthy events—only if it has a *compelling interest* in doing so. The Court finds that the Defendants (government) have demonstrated a compelling interest in withholding the requested records from the public at this time. As stated, the Court is convinced that the information contained in the records in "active criminal intelligence and investigative information." Release of the records at this time would seriously impede attempts by the state attorney, the police, and the medical examiner to detect criminal activity and to arrest or prosecute individuals suspected of having committed crimes. If witnesses or suspects were to become aware of what information the Defendants possess and what information they do not possess, the Defendants' attempts to investigate Kennedy's death and the circumstances surrounding it would be made far more difficult. The State's interest in enforcing its criminal laws without this type of serious impediment is compelling.

The mere existence of a criminal investigation will not in every case

**5**

establish that there is a compelling interest in withholding information from the public. Certainly if there were any reason to believe that information were being withheld from the public to conceal crime rather than to root it out, then public disclosure would be required. But here, the Court is satisfied that the Defendants are acting in good faith and that there is no need to release the Defendants' records for purposes of warning the public of criminal activity.

The Plaintiffs argue that some of the requested records must contain information which would not be harmful to the pending investigation and that these records should be ordered released. While the Plaintiffs may be correct, the problem faced by the Court is that of identifying which information can be released without doing harm and which cannot. Once investigators have had an opportunity to interview witnesses and suspects and to analyze other information which is being collected, it may be possible to determine whether particular pieces of information can be released without harm. For now, however, the Court is persuaded that a blanket denial of access to the records requested by the Plaintiffs is the narrowest means of protecting the criminal investigation. Mr. Kennedy's death occurred approximately three weeks before the date of this Order and only two days before this action was filed. At such an early stage in this type of an investigation it is clear that a general release of information would do serious harm to the investigation.

The Court has inspected the autopsy report and the Court concedes that there is no discernible reason that release of much of the insignificant information contained in that report (e.g., the date of the autopsy, size and condition of the bodily organs, etc.) would be harmful to the pending investigation. Nevertheless, the Court finds piecemeal release of the autopsy report inappropriate at this time. The Court further finds that it is unnecessary for the Court to review every record in the possession of the Defendants, as counsel for the Plaintiffs has requested, to determine whether any information contained in those records could be released without harming the pending investigation. As stated, it simply is too early to tell what information could be released without harm and what information must be withheld. There may well come a time that such an item by item review of the requested records will be possible, but that time has not yet arrived.

The Court acknowledges that the public has a right of access to information about the activities of government officials, but that right must be balanced against the right of the public to be protected by those same officials. In this case at this point in time, the Court strikes the balance in favor of the public's right to protection.

6

Accordingly, it is

ORDERED AND ADJUDGED that the Defendants need not make any of the records sought by the Plaintiffs, other than those previously ordered released, available to the Plaintiffs at this time. The restriction the Defendants have chosen to place on access to information about David Kennedy's death may not, however, remain in place any longer than is necessary. Therefore, the Plaintiffs may reapply for an Order requiring disclosure at any time they in good faith believe the reasons for maintaining the confidentiality of the records are no longer present. Furthermore, the Defendants are directed to notify the Court and the parties to this action that they have concluded their investigation of Kennedy's death within 24 hours of its completion.

This Order does not direct any of the Defendants or any other individuals to withhold any records from the Plaintiffs. Rather, it merely holds that the Defendants are not required by law to release the requested records at this time. The Defendants may voluntarily release any of the requested records to the Plaintiffs or any other members of the public at any time without further Court Order.

Pending further Order from this Court, this action remains abated.